UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAESARS ENTERTAINMENT  PLAINTIFF
OPERATING COMPANY, INC.

v.  CIVIL ACTION NO. 3:13-CV-620-M

MICHAEL JOHNSON, et al.  DEFENDANTS

## OPINION AND ORDER

This matter is before the court on the plaintiff's motion to recover expenses incurred for the defendants' failure to waive service of process, (Docket No. 22). The defendants oppose the motion. (DN 25) The court will grant in part and deny in part the motion.

Rule 4(d) of the Federal Rules of Civil Procedure imposes liability on a defendant for failure to waive service within a "reasonable time," which is "at least 30 days" for a domestic defendant. Here, the plaintiff offered defendants 35 days within which to waive service, by letter enclosing a self-addressed stamped envelope, but on day 36, the plaintiff filed summonses before actually knowing whether the waivers would be forthcoming. The defendants argue the plaintiff's timing is not consistent with a good faith effort to receive waivers by mail and actually reduce expenses. The defendants further argue the 35-day offer did not permit a reasonable time, because they were only able to retain counsel by day 46, and thereafter timely responded to the summonses. The court notes, however, that despite communication between counsel before commencement of the action, the defendants did not actually send tardy waivers or attempt to extend the 35 period, either by agreement, or later by motion for enlargement of time under Rule 6(b). The court must therefore conclude the defendants have not shown good cause for failure to waive service.

Rule 4(d)(2) provides that the court "must impose" on the defendants "expenses later

incurred in making service" and the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." The plaintiff seeks $2,164.00 in expenses for preparing requests for waiver, expenses in communications regarding requests for waiver, and expenses in preparing the motion to recover costs. The defendant argues these expenses are excessive and that the plaintiff has not satisfied subsection (2) because absent a demand for service expenses, and the defendants' to refusal to pay the expenses, the motion was not "required." Had the plaintiff made such a demand, the defendants argue, the defendants would have paid service costs and obviated the need for this motion. The court concludes, however, that the defendants' construction of the word "required" is too technical. A motion for expenses is plainly "required" when the request for waiver is refused or ignored.

The court further concludes, nevertheless, that the defendant seeks expenses not permitted under the Rule 4(d)(2), i.e., expenses for preparing requests for waiver and expenses in communications regarding requests for waiver. The plaintiff's affidavit does not itemize the expenses related to preparation of the motion or service costs, which are permitted under Rule 4(d)(2). Consistent with their argument, the defendants have tendered proposed orders which direct the plaintiffs to tender receipts for process servers to the defendants for reimbursement and alternatively require the plaintiffs to itemize the expense for preparing the motion. The plaintiff has not replied with an itemization or other memorandum.

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the plaintiff's motion (DN 22) is **GRANTED in part and DENIED in part.** The plaintiff shall provide receipts for its costs to hire process service Melanie Fischer to the defendants, Michael Johnson and Brian Clare, who are then ordered to reimburse the plaintiff for those costs. All other expenses are **DENIED.**

DATE: