UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAESARS ENTERTAINMENT	PLAINTIFF
OPERATING COMPANY, INC.

v.	CIVIL ACTION NO. 3:13-CV-620-M

MICHAEL JOHNSON, et al.	DEFENDANTS

## OPINION AND ORDER

This matter is before the court on the plaintiff's motion for leave to serve two interrogatories on the defendant Brian Clare. (DN 58). Cross-motions for summary judgment are currently pending. The plaintiff, Caesars Entertainment Operating Company, Inc., seeks discovery in support of its prior motion to disqualify defense counsel Linda Magruder. (DN 23). The court previously remanded this motion without prejudice and ordered a briefing schedule for dispositive motions. (DNs 42, 47). The defendant objects to the discovery on multiple grounds, including the pendency of these dispositive motions.

The plaintiff complains that counsel is representing the defendants under a conflict of interest, in part, because a cause of action may lie against the defendant Clare if the plaintiff prevails on its claim that the defendant Clare improperly disbursed the disputed funds – the merit of which is at issue in the pending dispositive motions. Aside from the conflict analysis, the plaintiff's motion to disqualify hinges on the premise that a non-client has standing to assert the conflict of interest and is entitled thereby to the remedy of opposing counsel's disqualification. For this specific proposition, the plaintiff cites to two circuit court opinions, *Kevlik v. Goldstein*, 724 F.2d 844, 848 (1st Cir. 1984) (involving a conflict of interest based on an attorney's actual or potential use of client confidences to another's advantage), and *Wilson v. Morgan*, 477 F.3d 326, 346 (6th Cir. 2007) (containing comment that a magistrate judge found non-client standing on a

conflict issue in a civil rights action – a collateral point not preserved for appellate review). The other lower court authorities cited by the plaintiff are distinguishable on the facts and are less persuasive.

The court is not persuaded the plaintiff has sufficient standing under the circumstances to seek the disqualification of opposing counsel, and any interest the plaintiff's counsel may have in the self-regulation of an ethical concern is insufficient to warrant the relief sought. An order of disqualification is an extreme sanction. In the magistrate judge's view, the defendants' choice of counsel is an interest that far outweighs the plaintiff's interest in dispelling the alleged, potential taint upon the integrity of this judicial process.

After thorough consideration of the parties' memoranda, and the court being sufficiently advised,

**IT IS HEREBY ORDERED** that the plaintiff's motions (DN 58 and 23) are **DENIED.**

DATE: